O

CLOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED MUSAVI, an individual; SHAKEB H. ZUBERI, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> BURGER KING CORPORATION, a corporation, <br><br> Defendant. | Case No. EDCV 13-00970 DDP (SPx) <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF COURT'S OCTOBER 15, 2013 ORDER** <br><br> [Dkt. 25] |

Presently before the Court is Plaintiffs Syed Musavi and Shakeb H. Zuberi's motion for reconsideration of the Court's October 15, 2013 order dismissing the action for improper venue pursuant to Fed. R. Civ. Proc. 12(b)(3) (the "Motion"). (Docket No. 24.) For the following reasons, the Motion is DENIED.

**I. Background**

The background facts in this action are fully laid out in the Court's October 15, 2013 order. (Docket No. 24.) In that order, the Court granted Defendant's motion to dismiss for improper venue pursuant to Rule 12(b)(3), without prejudice to Plaintiffs refiling

the action in the Southern District of Florida. (Id.) Plaintiffs now seek reconsideration of that order, arguing that the Limited License Agreement ("LLA") is a "franchise agreement" under California law and that, therefore, the public policy exception to enforcement of the forum selection clause in the LLA should apply to allow this action to be brought in the Central District of California. (Motion, Docket No. 25.)

**II. Legal Standard**

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Local Rule 7-18 allows motions for reconsideration only on the following grounds:

> (a) a material difference in fact or law from the presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
> (b) the emergence of new material facts or a change of law occurring after the time of such decision, or
> (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

**III. Discussion**

Plaintiffs contend that the proper basis for their Motion is Local Rule 7-18(c), arguing that the Court failed to consider the material facts presented before making its decision granting dismissal pursuant to Rule 12(b)(3). However, the Court considered all of the facts presented on the original motion and determined that the LLA did not constitute a "franchise agreement" under

2

applicable law. (Docket No. 24, pp. 5-7.) This issue was briefed by the parties on the original motion and was discussed at oral argument. The Court then determined that although the LLA allowed Plaintiffs to operate their Burger King franchises for a limited period of time in order to attempt to sell them, the LLA did not functionally "grant" rights to Plaintiffs but rather "terminated" those rights. (Id. at 6-7.) As a result, the LLA is not a "franchise agreement" under the applicable statute. (Id.) Further, the Court stated that its conclusion was consistent with the public policy rationale behind the franchise agreement exception to enforcement of forum selection clauses. (Id. at 7.) While Plaintiffs may disagree with the Court's conclusion regarding the LLA, the Court has considered all relevant facts and come to what it believes to be the correct conclusion.

**IV. Conclusion**

    For the foregoing reasons, the Motion is DENIED.

IT IS SO ORDERED.

Dated: December 16, 2013

DEAN D. PREGERSON
United States District Judge